In re:  Syva T. Wong

Bankruptcy No.: 22-40558-CN 13
R.S. No.:  1
Hearing Date:
Time:

Debtor(s)

## Relief From Stay Cover Sheet

Instructions: Complete caption and Section A for all motions.  Complete Section B for mobile homes, motor vehicles, and personal property. Complete Section C for real property.  Utilize Section C as necessary.  If moving party is not a secured creditor, briefly summarize the nature of the motion in Section D.

(A)  Date Petition Filed:  06/09/2022  Chapter:  13

Prior hearings on this obligation: _____  Last Day to File §523/§727 Complaints:  09/12/2022

(B)  Description of personal property collateral (e.g. 1983 Ford Taurus):

Secured Creditor  [  ] or lessor [  ]

| | | |
|---|---|---|
| Fair market value: | $_____ | Source of value:_____ |
| Contract Balance: | $_____ | Pre-Petition Default:  $_____ |
| Monthly Payment: | $_____ | No. of months:_____ |
| Insurance Advance: | $_____ | Post-Petition Default:  $_____ |
| | | No. of months:_____ |

(C)  Description of real property collateral (e.g. Single family residence, Oakland, CA):  2541 Wakefield Ave., Oakland, CA 94606

Fair market value: $ 543,441.00  Source of value: Schedule D  If appraisal, date:_____

Moving Party's position (first trust deed, second, abstract, etc.):  Abstract of Judgment-first lien

| | | |
|---|---|---|
| Approx. Bal. | $ 93,716.44 | Pre-Petition Default:  $ 93,716.44 |
| As of (date):  06/09/2022 | | No. of months:_____ |
| Mo. payment: | $_____ | Post-Petition Default:  $_____ |
| Notice of Default (date):_____ | | No. of months:_____ |
| Notice of Trustee's Sale:_____ | | Advances Senior Liens:  $_____ |

Specify name and status of other liens and encumbrances, if known (e.g. trust deeds, tax liens, etc.):  No other liens.  Property was set for execution sale-but no current date set

| Position | Amount | Mo. Payment | Defaults |
|---|---|---|---|
| 1st Trust Deed:_____ | $_____ | $_____ | $_____ |
| 2nd Trust Deed:_____ | $_____ | $_____ | $_____ |
| _____: | | | |
| _____: | | | |
| _____: | | | |
| (Total) | $_____ | $_____ | $_____ |

(D)  Other pertinent information:

Dated: 8/10/22

_____
Signature
William C. Beall
Print or Type Name

Attorney for NDS, LLC

**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Attorneys for NDS, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re | ) Bankruptcy No. 22-40558-CN 13 |
| | ) Chapter 13 |
| Syva T. Wong, | ) |
| | ) **NOTICE OF MOTION AND MOTION** |
| Debtor. | ) **FOR RELIEF FROM THE AUTOMATIC** |
| | ) **STAY UNDER 11 USC 362** |

Date: September 9, 2022
Time: 10:00 a.m.
Place: 1300 Clay Street
Courtroom 215
Oakland, CA
Via Videoconference

## NOTICE

NDS, LLC ("Movant") hereby brings its motion for relief from the automatic stay as follows:

Notice is given to the Debtor and trustee (Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion. The relief requested is to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain

Case: 22-40558   Doc# 54   Filed: 08/10/22   Entered: 08/10/22 13:37:48   Page 2 of 30

possession of the Property located at 2541 Wakefield Ave., Oakland, CA 94606. Responding parties are advised to appear at the preliminary hearing.

If serving a response to the motion, serve a copy of it upon the Movant's attorney at the address set forth above.

If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

This motion is being heard on REGULAR NOTICE. If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about Court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website. As of this Notice, all court hearings are being held via zoom.gov.

Dated:          8/10/2022                    BEALL & BURKHARDT, APC


By: _William C. Beall_____
William C. Beall, Attorneys for NDS, LLC

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY WITH POINTS AND AUTHORITIES

Movant is the assignee of a Judgment in favor of Unifund CCR Partners, LLC against Debtor Syva Wong. The Judgment was entered September 13, 2010, and recorded as a lien against real property owned by Debtor Syva Wong on September 30, 2010. Movant has filed a secured Proof of Claim in this case. A true and correct copy of the Proof of Claim is attached hereto as Exhibit A and incorporated herein by this reference. A true and correct copy of the most recent renewal of the Judgment is attached hereto as part of Exhibit A and incorporated herein by this reference. A true and correct copy of the Assignment of the Judgment, filed January 23, 2017, is attached hereto as part of Exhibit A and incorporated herein by this reference. The judgment is all due, so no statement of account is appropriate.

Personal liability for the Judgment has been discharged through a prior Chapter 7 case. Since Mr. Wong received a discharge in 19-40919, within 4 years of this filing, he is not eligible for a discharge in this case by operation of section 1328(f)(1).

Among the assets of the Debtor is certain real property 2541 Wakefield Ave., Oakland, CA 94606 (the "Property"). The Debtor listed the Property as an asset both in the present case and in the prior Chapter 7 case. A copy of the Debtor's filed Schedule D is attached hereto as Exhibit B and incorporated herein by this reference.

A voluntary petition under Chapter 13 was filed by the Debtor on June 9, 2022. The case has been dismissed, and the dismissal Order vacated. The case is currently open.

The Debtor filed an amended Chapter 13 Plan on July 13, 2022 as Docket No. 26. A true and correct copy of the Amended Plan is attached hereto as Exhibit C and incorporated herein by this reference. The Chapter 13 Plan proposes no payment whatsoever, on either a secured or an unsecured basis, to NDS, LLC. Failure to pay a secured claim violates section 1325(a)(5), among other sections. While the Plan makes an oblique reference to avoiding NDS, LLC's lien, no such

Motion has been filed and any such attempt will be opposed. Among other substantial legal and factual arguments, the Debtor alleged under penalty of perjury in his 2019 case that the Property is (or at least was) not his primary place of residence. Movant's lien on the Property far predates the filing of the 2019 case.

In the prior Chapter 7 case, the Debtor listed only a 10% interest in the Property. In this case, he claims full ownership. In the prior case, the Chapter 7 Trustee obtained a Judgment in adversary no. 21-04009 permitting her to sell the Property, including the alleged interest of the co-owner. Since Movant was the only creditor, and secured, the Trustee did not in fact sell the Property, but abandoned it and filed a no-asset report.

The Chapter 13 Plan provides no payment to creditors of any kind. The Plan provides no payments to any Creditor in any Class. The majority of Courts which have examined such "attorneys fees only" Plans have found them to be in bad faith and have denied confirmation. See, In re Barnes, 68 C.B.C 2d 1611 (discussion commencing at headnote 9), 2013 WL 153848 (Bky. E.D.N.C. 2013) and cases cited therein. See, also, In re Pliler (Bankr. E.D.N.C. 2013) 487 B.R. 682, 702–703, aff'd and remanded sub nom. Pliler v. Stearns (4th Cir. 2014) 747 F.3d 260. This is a classic "attorneys fees only" case (except it is only a Trustee's fees case, as the Debtor is self-represented, so has incurred no legal fees) and confirmation should be denied as being in bad faith, whatever the result of the lien dispute.

In short, this Court is being asked to confirm a Plan that provides no payments to creditors, nor will the Debtor receive a discharge. This Chapter 13 case defines bad faith.

Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows: First, Movant's interest in the Property is not adequately protected. No payments have been made to Movant, either directly or through the Trustee, since the filing of this case.

Secondly, the bankruptcy case was filed in bad faith. Movant is the only creditor, listed or scheduled in the Debtor's case commencement documents, and in fact is not even a creditor, since the

personal obligation was previously discharged. The Plan is a sham, as it provides no payments to anyone.

Furthermore, pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy cases affecting the Property.

This Motion is supported by the Declaration of Michael Schulman.

Wherefore, Movant requests that this Court grant relief from the stay pursuant to 11 USC 362(d)(1) and (4) so that Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property, and that the 14-day stay prescribed by FRBP 4001(a)(3) is waived.

In addition, Relief from the stay should be granted under 11 U.S.C. § 362(d)(4). If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order should be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

Alternately, if the Court does not grant relief, Movant requests that the Court make an Order for adequate protection to be paid.

Dated:        8/10/2022              BEALL & BURKHARDT, APC

                                     By: _William C. Beall_____
                                         William C. Beall, Attorneys for NDS, LLC

# DECLARATION OF MICHAEL D. SCHULMAN

I Michael D. Schulman, declare and state as follows:

1. I am managing member and custodian of records of NDS, LLC ("Movant"). Each of the matters set forth below are stated of my personal knowledge or based upon a review of the records of NDS, LLC. The records of NDS, LLC are made and kept in the ordinary course of business. Records concerning calculation of amounts owing and recordations of liens and renewals are records routinely kept by NDS, LLC in the course of its usual business practices. Such records are made at or near the time the events occur, and are made by a person or persons with actual knowledge of the pertinent facts. If called as a witness I could competently testify to each of the following facts.

2. Movant is the assignee of a Judgment in favor of Unifund CCR Partners, LLC against Debtor Syva Wong. The Judgment was entered September 13, 2010, and recorded as a lien against real property owned by Debtor Syva Wong on September 30, 2010. Movant has filed a secured Proof of Claim in this case. A true and correct copy of the Proof of Claim is attached hereto as Exhibit A and incorporated herein by this reference. A true and correct copy of the most recent renewal of the Judgment is attached hereto as part of Exhibit A and incorporated herein by this reference. A true and correct copy of the Assignment of the Judgment, filed January 23, 2017, is attached hereto as part of Exhibit A and incorporated herein by this reference. The judgment is all due, so no statement of account is appropriate.

3. Personal liability for the Judgment has been discharged through a prior Chapter 7 case. Since Mr. Wong received a discharge in 19-40919, within 4 years of this filing, he is not eligible for a discharge in this case by operation of section 1328(f)(1).

4. Among the assets of the Debtor is certain real property 2541 Wakefield Ave., Oakland, CA 94606 (the "Property"). The Debtor listed the Property as an asset both in the present case and in the prior Chapter 7 case, although with varying statements of his percentage ownership. A copy of the Debtor's filed Schedule D is attached hereto as Exhibit B and incorporated herein by this reference.

Case: 22-40558 Doc# 54 Filed: 08/10/22 Entered: 08/10/22 13:37:48 Page 7 of 30

5.     The Debtor filed an amended Chapter 13 Plan on July 13, 2022 as Docket No. 26. A true and correct copy of the Amended Plan is attached hereto as Exhibit C and incorporated herein by this reference. The Chapter 13 Plan proposes no payment whatsoever, on either a secured or an unsecured basis, to NDS, LLC. Failure to pay a secured claim violates section 1325(a)(5), among other sections. While the Plan makes an oblique reference to avoiding NDS, LLC's lien, no such Motion has been filed and any such attempt will be opposed. Among other substantial legal and factual arguments, the Debtor alleged under penalty of perjury in his 2019 case that the property is (or at least was) not his primary place of residence.

6.     In the prior Chapter 7 case, the Debtor listed only a 10% interest in the Property. In this case, he claims full ownership. In the prior case, the Chapter 7 Trustee obtained a Judgment in adversary no. 21-04009 permitting her to sell the Property, including the alleged interest of the co-owner. Since Movant was the only creditor, and secured, the Trustee did not in fact sell the Property, but abandoned it and filed a no-asset report.

7.     No payments have been made to Movant, either directly or through the Trustee, since the filing of this case.

I declare the foregoing is true under the laws of the State of California, executed at Tarzana, California

Dated:  8-10-2022                                    _Michael D. Schulman_
                                                        Michael D. Schulman

Case: 22-40558    Doc# 54    Filed: 08/10/22    Entered: 08/10/22 13:37:48    Page 8 of 30

Fill in this information to identify the case:

Debtor 1   Syva Wong

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   California Northern Bankruptcy Court

Case number:  22-40558

FILED

U.S. Bankruptcy Court
California Northern Bankruptcy Court

8/8/2022

Edward J. Emmons, Clerk

## Official Form 410
## Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | NDS, LLC |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor    Michael D. Schulman |

| | |
|---|---|
| **2. Has this claim been acquired from someone else?** | ☑ No |
| | ☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| NDS, LLC | Law Offices of Michael D. Schulman |
| Name | Name |
| Debt Acquisition & Collection<br>Tarzana, CA 91357 | 18757 Burbank Blvd., Suite 310<br><br>Tarzana, CA 91356-3393 |
| Contact phone          818-999-5553 | Contact phone          818-999-5553 |
| Contact email<br>yvette@schulmanlawoffices.com | Contact email<br>mike@schulmanlawoffices.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No |
| | ☐ Yes. Claim number on court claims registry (if known)          Filed on _____ MM / DD / YYYY |

| | |
|---|---|
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No |
| | ☐ Yes. Who made the earlier filing? |

Official Form 410                    Proof of Claim                    page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. How much is the claim? | $ ___93716.44___  Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money due and owing on a credit card account. Judgment entered. _____ |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____Abstract of Judgment_____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ ___0.00___<br>**Amount of the claim that is secured:** $ ___93716.44___<br>**Amount of the claim that is unsecured:** $ ___0.00___  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ ___93716.44___<br><br>**Annual Interest Rate** (when case was filed)  ___10___ %<br>☑ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410            Proof of Claim            page 2

Case: 22-40558   Doc# 54   Filed: 08/10/22   Entered: 08/10/22 13:37:48   Page 10 of 30

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
| --- | --- | --- | --- |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | | $ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571. | Check the appropriate box:<br><br>☐ I am the creditor.<br>☑ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |
| --- | --- |

Executed on date    8/8/2022
               MM / DD / YYYY

/s/  Michael D. Schulman

Signature

Print the name of the person who is completing and signing this claim:

Name     Michael D. Schulman
           First name    Middle name    Last name

Title      Attorney for Creditor, NDS, LLC

Company   Law Offices of Michael D. Schulman

           Identify the corporate servicer as the company if the authorized agent is a servicer

Address    18757 Burbank Blvd., Suite 310

           Number   Street
           Tarzana, CA 91356–3393

           City   State   ZIP Code

Contact phone   818–999–5553       Email   mike@schulmanlawoffices.com

```
1   LAW OFFICES OF MICHAEL D. SCHULMAN
    Michael D. Schulman, Esq.  (Bar No. 137249)
2   18757 Burbank Blvd., Suite 310
    Tarzana, CA 91356-3375
3   (818) 999-5553 / (818) 999-5570 (fax)
    mike@schulmanlawoffices.com
4
5   Attorneys for Assignee of Record,
    NDS, LLC.
6
```

ENDORSED
FILED
ALAMEDA COUNTY

JAN 2 3 2017

CLERK OF THE SUPERIOR COURT
By _____ DEBRA FURTADO
                              Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

RENE C. DAVIDSON COURTHOUSE, UNLIMITED CIVIL

| | |
|---|---|
| Unifund CCR Partnership, a New York Partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>Syva T. Wong,<br><br>    Defendant. | Case No.: RG09482386<br><br>ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT<br><br>(CCP §§ 673, 681.020; CC §954.5) |

1.  A judgment in this action was entered on September 13, 2010, in the amount of $31,752.21, in favor of Unifund CCR Partnership, a New York Partnership ("Plaintiff") and against Syva T. Wong ("Judgment Debtor") in the above referenced court.

2.  The name and address of the original judgment creditor is:  Unifund CCR Partnership, a New York Partnership, 10625 Techwoods Circle, Cincinnati, OH 45242.

3.  The name and last known address of the Judgment Debtor is:  Syva T. Wong, 754 Regents Court, San Pablo, CA 94806.

1<br>ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT

4. Plaintiff, as the legal current owner of said judgment, hereby acknowledges and assigns all rights, title and interest including the complete authority to collect, settle, adjust, compromise and satisfy the same or otherwise enforce the judgment herewith including the rights to the proceeds to be derived there from, to the petitioning assignee, NDS, LLC., doing business at: 18757 Burbank Blvd., Suite 310, Tarzana, CA 91356-3375. Plaintiff, assignor, has no further interest in said judgment for any purpose.

DATED: _January 16_, 2017          Unifund CCR Partners

By: _Michelle Hollon_

Name: _Michelle Hollon_
Authorized Representative

STATE OF OHIO            )
                         ) ss.
COUNTY OF HAMILTON       )

On this _16_ day of _January_, 2017, before me, _Jennifer Slusher_, the undersigned, a Notary Public in and for said State, personally appeared _Michelle Hollon_, proved to me on the basis of satisfactory evidence, to be the person whose name is subscribed to the within instrument and acknowledged to me that she/he executed it.

WITNESS my hand and official seal.

_____
Notary Public in and for
said County and State

(NOTARY SEAL)

JENNIFER NICOLE SLUSHER
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
01-27-2021
Recorded in
Butler County

2
ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

   I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd. Suite 310, Tarzana, CA 91356-3375.

   On January 19, 2017, I served the document described as:

ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Syva T. Wong
754 Regents Court
San Pablo, CA 94806

__X__  BY MAIL

   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____  BY PERSONAL DELIVERY.

____  BY FACSIMILE DELIVERY.

__X__  (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 19, 2017, at Tarzana, California.


___Jennifer Herrera___                    _____
Type or Print Name                          Signature

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, and State Bar number):

After recording, return to: 137249

Michael D. Schulman, Esq.
Law Offices of Michael D. Schulman
18757 Burbank Blvd., Suite 310
Tarzana CA 91356-3393

TEL NO.: 818-999-5553   FAX NO. (optional): 818-999-5570
E-MAIL ADDRESS (Optional): mike@schulmanlawoffices.com

[X] ATTORNEY FOR   [ ] JUDGMENT CREDITOR   [X] ASSIGNEE OF RECORD

| | |
|---|---|
| 2017213661 | 09/27/2017 03:46 PM |
| | OFFICIAL RECORDS OF ALAMEDA COUNTY |
| | STEVE MANNING |
| | RECORDING FEE:     35.00 |
| | 2     PGS |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street Rm 108
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward CA 94544-1202
BRANCH NAME: Rene C. Davidson, Unlimited Civil

PLAINTIFF: Unifund CCR Partners, a New York partnership
DEFENDANT: Syva T. Wong

FOR RECORDER'S USE ONLY

CASE NUMBER: RG09482386

FOR COURT USE ONLY

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**   [X] Amended

1. The [ ] judgment creditor [X] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   Name and last known address
   Syva T. Wong
   754 Regents Court
   San Pablo CA 94806-1897

   b. Driver's license no. [last 4 digits] and state:          [X] Unknown
   c. Social security no. [last 4 digits]:  6497               [X] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      Syva T. Wong
      754 Regents Court, San Pablo CA 94806-1897

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   NDS, LLC., Assignee of Record
   18757 Burbank Blvd., Suite 310
   Tarzana CA 91356-3393

   Date: August 22, 2017
   Michael D. Schulman
   _____
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [X] Original abstract recorded in this county:
   Alameda
   a. Date:  September 30, 2010
   b. Instrument No.:  2010284437

   ▶ _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $          31,752.21
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date):  September 13, 2010
   b. Renewal entered on (date):
9. [ ] This judgment is an installment judgment.

Chad Finke

This abstract issued on (date):
SEP 12 2017

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

    Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

CEB Essential Forms
ceb.com

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

MS16-2

| PLAINTIFF: Unifund CCR Partners, a New York partnership | COURT CASE NO: |
| DEFENDANT: Syva T. Wong | RG09482386 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.     Name and last known address

17.     Name and last known address

Driver's license no. [last 4 digits] and state:

Social security no. [last 4 digits]:

☐ Unknown
☐ Unknown

Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:

Social security no. [last 4 digits]:

☐ Unknown
☐ Unknown

Summons was personally served at or mailed to *(address)*:

18.     Name and last known address

19.     Name and last known address

Driver's license no. [last 4 digits] and state:

Social security no. [last 4 digits]:

☐ Unknown
☐ Unknown

Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:

Social security no. [last 4 digits]:

☐ Unknown
☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]

CEB® Essential Forms
ceb.com

ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS

MS16-2

Page 2 of 2

Case 22-40558    Claim 4-1 Part 2    Filed 08/08/22    Desc Attachment 1    Page 5 of 8

Exhibit A - Page 15

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to: 137249
Michael D. Schulman, Esq.
Law Offices of Michael D. Schulman
18757 Burbank Blvd., Suite 310
Tarzana CA 91356-3393
TEL NO.: 818-999-5553   FAX NO. *(optional):* 818-999-5570
E-MAIL ADDRESS *(optional):* mike@schulmanlawoffices.com

[X] ATTORNEY FOR   [ ] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street Rm 108
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward CA 94544-1202
BRANCH NAME: Rene C. Davidson, Unlimited Civil

PLAINTIFF: Unifund CCR Partners, a New York partnership

DEFENDANT: Syva T. Wong

| APPLICATION FOR AND RENEWAL OF JUDGMENT |
| --- |

2018028918   02/06/2018 02:09 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
STEVE MANNING
RECORDING FEE:   102.00

2   PGS

OK

CASE NUMBER:
RG09482386

FOR COURT USE ONLY
ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 3 2017

CLERK OF THE SUPERIOR COURT
By _____
Deputy

[ ] Judgment creditor
[X] Assignee of record
   applies for renewal of the judgment as follows:

1. Applicant *(name and address):*
   NDS, LLC.
   18757 Burbank Blvd., Suite 310
   Tarzana CA 91356-3393

2. Judgment debtor *(name and last known address):*
   Syva T. Wong
   754 Regents Court
   San Pablo CA 94806-1897

3. Original judgment
   a. Case number *(specify):* RG09482386
   b. Entered on *(date):* September 13, 2010
   c. Recorded:
      (1) Date:  September 30, 2010
      (2) County:  Alameda
      (3) Instrument No.:  2010284437

4. [ ] Judgment previously renewed  *(specify each case number and date):*

5. [X] Renewal of money judgment
   | | | |
   | --- | --- | --- |
   | a. Total judgment | $ | 31,752.21 |
   | b. Costs after judgment | $ | 60.00 |
   | c. Subtotal *(add a and b)* | $ | 31,812.21 |
   | d. Credits after judgment | $ | 1,512.71 |
   | e. Subtotal *(subtract d from c)* | $ | 30,299.50 |
   | f. Interest after judgment | $ | 21,436.92 |
   | g. Fee for filing renewal application | $ | 30.00 |
   | h. Total renewed judgment *(add e, f, and g)* | $ | 51,766.42 |

   i. [ ] The amounts called for in items a-h are different for each debtor.
      These amounts are stated for each debtor on Attachment 5.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-190 [Rev. July 1, 2014]

CEB Essential Forms
ceb.com

**APPLICATION FOR AND RENEWAL OF JUDGMENT**

Code of Civil Procedure, § 683.140

6. ☐ Renewal of judgment for ☐ possession.
   ☐ sale.

   a. ☐ If judgment was not previously renewed, terms of judgment as entered:

   b. ☐ If judgment was previously renewed, terms of judgment as last renewed:

   c. ☐ Terms of judgment remaining unsatisfied:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 17, 2017

Michael D. Schulman, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instruments are true and
correct copies of the original
on file in this office

NOV 2 9 2017

ATTEST:
CLERK OF THE SUPERIOR COURT

By _____
MS16-2                              Deputy

EJ-190 [Rev. July 1, 2014]
CEB | Essential
ceb.com | Forms

APPLICATION FOR AND RENEWAL OF JUDGMENT

Page 2 of 2

## CALCULATION OF ACCRUED INTEREST

Judgment amount due and owing: $51,766.42

Date of Renewed Judgment:   10/23/2017

Legal rate of interest: 10%

Daily interest: $14.18 ($51,766.42 times 10%, divided by 365 days)

Accrued interest from 10/23/2017 through 06/09/2022 (date Debtor filed for chapter 13 bankruptcy protection): $23,950.02 ($14.18 x 1,689 days)

Plus interest after 06/09/2022 at the per diem rate of $14.18

| | |
|---|---|
| Judgment: | $ 51,766.42 |
| Post Judgment Interest: | $ 23,950.02 |
| Post Judgment Attorney Fees & Costs | $ 18,000.00 |
| **Total** | **$ 93,716.44** |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | SYVA | T. | WONG |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Northern District of California

Case number
(If known) _____

☐ Check if this is an
amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|

**2.1** Michael D. Schulman, Esq.
Creditor's Name

18757 Burbank Blvd. #310
Number          Street

Tarzana          CA   91356
City          State   ZIP Code

Describe the property that secures the claim: $ 51,766.00  $ 0.00  $ 51,766.00

2541 Wakefield Avenue
Oakland, California 94606

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

Who owes the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred  09/03/2010

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Last 4 digits of account number  2  6  6  9

**2.2** _____
Creditor's Name

_____
Number          Street

_____

_____
City          State   ZIP Code

Describe the property that secures the claim: $ _____  $ _____  $ _____

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred  _____

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Last 4 digits of account number  _____

Add the dollar value of your entries in Column A on this page. Write that number here:  $ 51,766.00

| Debtor 1 | SYVA | T. | WONG | Case number (if known)_____ |
|---|---|---|---|---|

First Name    Middle Name    Last Name

**Part 1:** **Additional Page**

After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth.

| | Column A | Column B | Column C |
|---|---|---|---|
| | Amount of claim | Value of collateral that supports this claim | Unsecured portion |
| | Do not deduct the value of collateral. | | If any |

---

Creditor's Name

Number    Street

City    State    ZIP Code

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

Describe the property that secures the claim:

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

$_____    $_____    $_____

---

Creditor's Name

Number    Street

City    State    ZIP Code

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

Describe the property that secures the claim:

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

$_____    $_____    $_____

---

Creditor's Name

Number    Street

City    State    ZIP Code

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

Describe the property that secures the claim:

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

$_____    $_____    $_____

---

Add the dollar value of your entries in Column A on this page. Write that number here:

$_____

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:

$_____

Case: 22-40558    Doc# 54    Filed: 08/10/22    Entered: 08/10/22 13:37:48    Page 21 of 30

**Part 2:**   **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

| | | |
|---|---|---|
| Name | On which line in Part 1 did you enter the creditor? _____ | |
| | Last 4 digits of account number ___ ___ ___ ___ | |
| Number    Street | | |
| City      State      ZIP Code | | |

| | |
|---|---|
| Name | On which line in Part 1 did you enter the creditor? _____ |
| | Last 4 digits of account number ___ ___ ___ ___ |
| Number    Street | |
| City      State      ZIP Code | |

| | |
|---|---|
| Name | On which line in Part 1 did you enter the creditor? _____ |
| | Last 4 digits of account number ___ ___ ___ ___ |
| Number    Street | |
| City      State      ZIP Code | |

| | |
|---|---|
| Name | On which line in Part 1 did you enter the creditor? _____ |
| | Last 4 digits of account number ___ ___ ___ ___ |
| Number    Street | |
| City      State      ZIP Code | |

| | |
|---|---|
| Name | On which line in Part 1 did you enter the creditor? _____ |
| | Last 4 digits of account number ___ ___ ___ ___ |
| Number    Street | |
| City      State      ZIP Code | |

| | |
|---|---|
| Name | On which line in Part 1 did you enter the creditor? _____ |
| | Last 4 digits of account number ___ ___ ___ ___ |
| Number    Street | |
| City      State      ZIP Code | |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| Name of Debtor: | SYVA T. WONG | Case No. | 22-40558CN13 |
| --- | --- | --- | --- |

Last four digits of Soc. Sec. No.:    6497
Last four digits of Soc. Sec. No.:

**CHAPTER 13 PLAN**

FILED

JUL 13 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

### Section 1. Notices

1.01. **Notices.**

    (a)    **Use of this form is mandatory.** The Bankruptcy Court of the Northern District of California requires the use of this local form chapter 13 plan in lieu of any national form plan. Fed. R. Bankr. P. 3015.1.

    (b)    **Notice of specific plan provisions required by Fed.R.Bankr.P. 3015.1(c).** Any nonstandard provision is in section 7 below.

         If the plan proposes to limit the amount of a secured claim based on a valuation of the collateral for the claim, this box must be checked [   ].

         If the plan proposes to avoid a security interest or lien, this box must be checked [✗].

         If there are nonstandard provisions, this box must be checked [   ]. A nonstandard provision will be given no effect unless this section indicates one is included in section 7 and it appears in section 7.

1.02. **No alterations to form plan permitted.** Other than to insert text into designated spaces, to expand tables to include additional items, or to change the plan title to indicate the date of the plan or that it is a modified plan, the preprinted text of this form shall not be altered. No such alteration will be given any effect.

1.03. **Valuation of collateral and lien avoidance.** Unless otherwise provided in Section 7 below, as to non-governmental units, the confirmation of this plan will not limit the amount of a secured claim based on a valuation of the collateral for the claim, nor will it avoid a security interest or lien. This relief requires a separate claim objection, valuation motion or adversary proceeding, or lien avoidance motion, with supporting evidence, that is successfully prosecuted in connection with the confirmation of this plan. Determining the amount of secured and priority claims of governmental units, however, must be done in compliance with Fed.R.Bankr.P. 3012.

1.04. **Confirmation of Plan.** In the absence of a timely written objection, the plan may be confirmed without a hearing. It will be effective upon its confirmation.

### Section 2. Plan Payments and Plan Duration

2.01. **Monthly plan payments.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $ _50.00_ from future earnings. This monthly plan payment is subject to adjustment pursuant to section 3.07(b)(5) below and it must be received by Trustee not later than the 20th day of each month beginning the month after the order for relief under chapter 13. The monthly plan payment includes all adequate protection payments due on Class 2 secured claims.

2.02. **Other payments.** In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: _____

_____

_____

_____

NDC 1-1 (11-6-17)
Page 1 of 7

2.03. **Duration of payments.** The monthly plan payments will continue for _36_ months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event may a plan be proposed and confirmed that exceeds 60 months. This section is to be read in conjunction with section 3.14.

## Section 3. Claims and Expenses

### A. Proofs of Claim

3.01. With the exception of the payments required by sections 3.03, 3.07(b), 3.08(b), 3.10, and 4.01, a claim will not be paid pursuant to this plan unless a proof of claim is filed by or on behalf of a creditor, including a secured creditor.

3.02. The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, adversary proceeding, confirmed plan, or lien avoidance motion affects the amount or classification of the claim, consistent with section 1.03.

3.03. Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

### B. Administrative Expenses

3.04. **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall retain up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments by Debtor provided for by the plan.

3.05. **Debtor's attorney's fees.** Debtor's attorney was paid $_____ prior to the filing of the case. Additional fees of $_____ shall be paid through this plan upon court approval. Debtor's attorney will seek the court's approval by [**choose one**]: ❑ complying with General Order 35; or ❑ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017 [if neither alternative is selected, the attorney shall comply with the latter].

3.06. **Administrative expenses.** In accordance with sections 5.02 and 5.03 below, $_____ of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

### C. Secured Claims

3.07. **Class 1 includes all delinquent secured claims that mature after the completion of this plan, including those secured by Debtor's principal residence.**

(a) **Cure of defaults.** All arrears on Class 1 claims shall be paid in full by Trustee. The monthly installments specified in the table below as the "monthly arrearage dividend," in conjunction with the distribution scheme in section 5 of this plan, shall pay the arrears in full.

(1) Unless otherwise specified below, interest will accrue at the rate of 0%.

(2) The arrearage dividend must be applied by the Class 1 creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

(b) **Maintaining payments.** From plan payments received, Trustee shall make all post-petition monthly payments to the holder of each Class 1 claim whether or not this plan is confirmed or a proof of claim is filed.

(1) Unless sub-part (b)(1)(A)or(B) of this section is applicable, the amount of the post-petition monthly payment shall be the amount specified in the plan.

(A) If the amount specified in the plan is incorrect, the Class 1 creditor may demand the correct amount in its proof of claim. Unless and until an objection to such proof of claim is sustained, the trustee shall pay the payment amount demanded in the proof of claim.

Exhibit C - Page 23

Case: 22-40558   Doc# 54   Filed: 08/10/22   Entered: 08/10/22 13:37:48   Page 24 of 30

(B) Whenever the post-petition monthly payment amount is adjusted in accordance with the underlying loan documentation, including changes resulting from an interest rate or escrow account adjustment, the Class 1 creditor shall give notice of payment change pursuant to Fed. R. Bankr. P. 3002.1(b). Notice of the change in a proof of claim is not sufficient. Until and unless an objection to a notice of payment change is sustained, the trustee shall pay the amount demanded in the notice of payment change.

(2) If Debtor makes a partial plan payment that is insufficient to satisfy all post-petition monthly payments due each Class 1 claim, distributions will be made in the order such claims are listed in the table below.

(3) Trustee will not make a partial distribution on account of a post-petition monthly payment.

(4) If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition monthly payment, Debtor may be obligated to pay a late charge.

(5) If the holder of a Class 1 claim files a notice of payment change in accordance with Fed.R.Bankr.P. 3002.1(b) demanding a higher or lower post-petition monthly payment, the plan payment shall be adjusted accordingly, without modification of the plan.

(6) If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges in accordance with Fed. R. Bankr. P. 3002.1(c), Debtor may modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

(7) Post-petition monthly payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim was current and no arrearage existed on the date the case was filed.

**(c) No claim modification and lien retention.** Each Class 1 creditor shall retain its lien. Other than to cure arrears, this plan does not modify Class 1 claims.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears | Monthly Arrearage Dividend | Monthly Arrearage Dividend Start Date (Start Date will be a specific month/year during the plan) | Post-Petition Monthly Payment |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| | | | Totals: | $ | $ |

3.08.    Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.

(a) **Payment of claim.** Subject to section 3.08(c), the "monthly dividend" payable to each Class 2A and 2B claim is a monthly payment sufficient to pay each claim in full with interest at the rate specified below. If no interest rate is specified, a 5% rate will be imputed.

(b) **Adequate protection payments.** Prior to confirmation and once a proof of claim is filed, Trustee shall pay on account of each Class 2(A) and 2(B) claim secured by a purchase money security interest in personal property an adequate protection payment if required by 11 U.S.C. § 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with the customary disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

(c) **Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, except as noted below, Debtor may reduce the claim amount to the value of the collateral securing it by complying with Section 1.03 above.

Case: 22-40558    Doc# 54    Filed: 08/10/22    Entered: 08/10/22 13:37:48    Page 25 of 30

(1) **Class 2 claims that cannot be reduced based on value of collateral.** Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred within 1-year of the filing of the case and is secured by any other thing of value.  These claims must be included in Class 2(A).

(2) **Class 2 claims that may be reduced based on the value of their collateral** shall be included in Class 2(B) or 2(C) as is appropriate.

(3) **Class 2 claims secured by Debtor's principal residence.**  Except as permitted by 11 U.S.C. § 1322(c), Debtor is prohibited from modifying the rights of a holder of a claim secured only by Debtor's principal residence.

**(d) Lien retention.**  Each Class 2 creditor shall retain its existing lien on the property interest of the Debtor or the Estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) completion of the plan and, unless not required by the bankruptcy court, entry of Debtor's discharge under 11 U.S.C. § 1328.

| Class 2(A) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(A) claims are not reduced based on value of collateral | | | | | |
| 1. *Unifund CCR Partners* | *NO* | *75,007.44* | | | |
| 2. | | | | | |
| | | | | Total $ | |

| Class 2(B) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(B) claims are reduced to an amount greater than $0 based on value of collateral | | | | | |
| 1. | | | | | |
| 2. | | | | | |
| | | | | Total $ | |

| Class 2(C) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(C) are claims reduced to $0 based on value of collateral | | | | | |
| 1. | | | $0.00 | 0% | $0.00 |
| 2. | | | $0.00 | 0% | $0.00 |
| | | | | Total $ | $0.00 |

NDC 1-1 (11-6-17)
Page 4 of 7
Exhibit C - Page 25
Case: 22-40558    Doc# 26    Filed: 07/13/22    Entered: 07/13/22 15:38:20    Page 4 of 7

Case: 22-40558    Doc# 54    Filed: 08/10/22    Entered: 08/10/22 13:37:48    Page 26 of 30

3.09. Class 3 includes all secured claims satisfied by the surrender of collateral.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| 1. | | |
| 2. | | |

3.10. **Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims are not in default and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not a proof of claim is filed or the plan is confirmed.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|
| 1. | | |
| 2. | | |

3.11. **Bankruptcy stays.**

(a) Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11 U.S.C. § 1301(a) are (1) terminated to allow the holder of a Class 3 secured claim to exercise its rights under non-bankruptcy law against its collateral; and (2) modified to allow the nondebtor party to an unexpired lease that is in default and rejected in section 4 of this plan to obtain possession of leased property, and to dispose of it under applicable law, and to exercise its rights against any nondebtor.

(b) Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. While this may be cause to terminate the automatic stay, such relief must be separately requested by the claim holder.

(c) If, after confirmation of the plan, the court grants a motion to terminate the automatic stay to permit a Class 1 or 2 claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such claim and any portion of such claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7 unsecured claim subject to the filing of a proof of claim.

**D. Unsecured Claims**

3.12. **Class 5 consists of unsecured claims entitled to priority pursuant to 11 U.S.C. § 507.**

(a) **Domestic support obligations entitled to priority pursuant to 11 U.S.C. § 507.** These claims will be paid in full except to the extent the claim holder has agreed to accept less or 11 U.S.C. § 1322(a)(4) is applicable. When the claim holder has agreed to accept less than payment in full or when 11 U.S.C. § 1322(a)(4) is applicable, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(b) **Taxes, and other priority claims entitled to priority pursuant to 11 U.S.C. § 507.** These claims will be paid in full except to the extent the claim holder has agreed to accept less. When the claim holder has agreed to accept less than payment in full, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(c) **Estimate of priority claims pursuant to 11 U.S.C. § 507.** Debtor estimates that all priority claims, not including those identified in section 7, total $ _____.

3.13. **Class 6 includes designated nonpriority unsecured claims,** such as co-signed unsecured debts, that will be treated differently than the other nonpriority unsecured claims provided for in Class 7. The claim holder of each Class 6 claim and the treatment of each claim shall be specified in section 7, the Nonstandard Provisions.

3.14. **Class 7** consists of all other nonpriority unsecured claims not provided for in Class 6. These claims total approximately $ *15,007*. Class 7 creditors shall be paid on a pro-rata basis by the Trustee from the funds remaining after the Trustee pays the administrative expenses and other claims provided for in this plan. [select one of the following options:]

_____ **Percent Plan.** Class 7 claimants will receive no less than __% of their allowed claims through this plan.

_____ **Pot Plan.** Class 7 claimants are estimated to receive __% of their allowed claims through this plan.

This section is to be read in conjunction with section 2.03.

## Section 4. Executory Contracts And Unexpired Leases

4.01. Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall directly pay all post-petition monthly lease or contract payments to the other party to the executory contract or unexpired lease. Unless otherwise permitted under the Bankruptcy Code or Section 7 herein, pre-petition arrears shall be fully paid. Trustee shall pay the monthly arrearage dividend specified in the table below.

| Name of Other Party to Executory Contract/ Unexpired Lease | Post-Petition Monthly Payment | Pre-petition Arrears | Monthly Arrearage Dividend |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| | | Total $ | |

4.02. Debtor rejects the executory contracts and unexpired leases listed below. Any executory contract or unexpired lease not listed in section 4.01 or section 4.02 is rejected.

| Name of Other Party to Executory Contract/Unexpired Lease | Description of Executory Contract/Unexpired Lease |
|---|---|
| 1. | |
| 2. | |

## Section 5. Payment of Claims and Order of Distribution

5.01. After confirmation, payments by Trustee to holders of allowed claims and approved expenses will be made monthly.

5.02. **Distribution of plan payment by Trustee.** Debtor's monthly plan payment must be sufficient to pay in full: **(a)** Trustee's fees; **(b)** post-petition monthly payments due on Class 1 claims; **(c)** the monthly dividend specified in section 3.06 for administrative expenses; and **(d)** the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to Trustee, Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in (a) through (d) above. If the amount paid by Debtor, however, is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of section 5.02(a) through (d), no dividend shall be paid on account of any of the fees, payments, expenses, and claims within such subpart, except as permitted by section 3.07(b)(2) and (3).

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: **first,** section 3.06 administrative expenses; **second,** Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims; **third,** Class 5 priority claims; **fourth,** Class 6 unsecured claims; and **fifth,** Class 7 unsecured claims. Over the plan's duration, these distributions must equal the total dividends required by sections 3.04, 3.06, 3.07, 3.08, 3.12, 3.13, 3.14, and 4.01.

5.03.    **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 3.06 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by 11 U.S.C. § 1326(b)(3)(B), and second, to holders of approved administrative expenses on a pro rata basis.

## Section 6. Miscellaneous Provisions

6.01.    **Vesting of property.** Property of the estate will revest in Debtor upon confirmation unless Debtor checks the following box: ☐ SHALL NOT REVEST.

If the property of the estate does not revest in Debtor, Trustee is not required to file income tax returns for the estate or insure any estate property. Upon dismissal or completion of this plan, all property shall revest in Debtor. Notwithstanding the revesting of property in Debtor, the court will retain its supervisory role post-confirmation to enforce Fed. R. Bankr. P. 3002.1 and provide any other relief necessary to effectuate this plan and the orderly administration of this case.

After the property revests in Debtor, Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee.

6.02.    **Remedies upon default.** If Debtor defaults under this plan, Trustee or any other party in interest may request appropriate relief by filing a motion pursuant to Local Bankruptcy Rule 9014-1, et seq. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. This is without prejudice to Debtor's right to seek plan modification under 11 U.S.C. § 1329.

6.03.    **Impermissible Provisions.** Notwithstanding any other term in this plan, Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargable as a matter of law in a Chapter 13 case under 11 U.S.C. § 1328(a).

## Section 7. Nonstandard Provisions

Debtor may propose nonstandard provisions that modify the preprinted text of this form plan. All nonstandard plan provisions shall be set forth below, or on a separate page(s) appended to this plan. Each such provision shall be identified by a section number beginning with section 7.01 and indicate which section(s) of the form plan are modified by it. Nonstandard provisions placed elsewhere in the plan are void. The signatures below are certifications by Debtor and Debtor's attorney that this plan form has not been altered and that all nonstandard provisions are in section 7 and appended to this plan.

Dated:    7/13/22                                        _____
                                                          Debtor

                                                          _____
                                                          Debtor

Dated:                                                    _____
                                                          Debtor's Attorney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 USC 362**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/10/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William Beall    will@beallandburkhardt.com**
- **Martha G. Bronitsky    13trustee@oak13.com**
- **Office of the U.S. Trustee/Oak    USTPRegion17.OA.ECF@usdoj.gov**
- **Michael D. Schulman    mike@schulmanlawoffices.com, yjlegalasst@aol.com**

☐ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On 8/10/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Syva T. Wong**
P.O. Box 32183
Oakland, CA 94604

Honorable Charles Novack
1300 Clay Street, Courtroom 215
Oakland, CA 94612

☐ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/10/2022 | William C. Beall | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |