**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Attorneys for NDS, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

In re

Syva T. Wong,

                              Debtor.

_____

) Bankruptcy No. 22-40558-CN 13
) Chapter 13
)
) **SUPPLEMENTAL OPPOSITION TO**
) **MOTIONS TO VALUE COLLATERAL**
) **AND DISMISS (SIC) CLAIM**
)

Date:  October 12, 2022
Time:  11:00 a.m.
Place: 1300 Clay Street
         Courtroom 215
         Oakland, CA
Via Videoconference

NDS, LLC brings its supplemental opposition to the Motions filed by the Debtor as follows:

## FACTS

This case has an unfortunately long history of various litigation tactics being employed by Mr. Wong.  His numerous motions violate Rule 9011 (and the state equivalent) although there is no purpose in pursuing such relief against an unrepresented and judgment proof Debtor.

The Court has evidence that a Judgment was granted against Mr. Wong in 2010. After a wage garnishment was commenced in January 2017 and continued through January 2018, at which time the employer reported that employment terminated. The minimal proceeds received were credited.

In December 2018, NDS, LLC then attempted to schedule a lien sale of the Debtor's property at 2541 Wakefield Avenue, Oakland (the "Property"). In January 2019, Mr. Wong filed a Motion in the Superior Court to vacate the Judgment and opposed the sale. That Motion was denied.

When the execution sale approached, the Debtor filed a Chapter 7 case, 19-40919 on April 19, 2019. The Trustee obtained a Default Judgment against him and his co-owner permitting sale of all interest in the Property. However, since NDS, LLC was the only creditor listed by the Debtor, and it was secured against the Property, the Trustee believed administering the Property for the benefit of a secured creditor was inappropriate, so the Trustee filed a No Asset Report, abandoning the Property.

The No Asset Report was not filed until August 11, 2021. The Debtor had achieved a two year and four month delay through the Chapter 7 filing.

Back before the Superior Court, NDS, LLC attempted to schedule another lien sale. Again the Debtor objected, again his objections were overruled. When that sale approached, the Debtor filed this case, on June 9, 2022, less than one year after his Chapter 7 case was closed.

The current case is as bad faith as a Chapter 13 case can be. The only creditor listed is NDS, LLC, who holds a secured claim although Mr. Wong's personal liability has been discharged. Mr. Wong has filed three different Plans, none provide any payment to NDS, LLC, or any creditor. Since Mr. Wong's Chapter 7 case was less than 4 years ago, he is not entitled to a discharge in this case, nor is there any debt to discharge.

The Court terminated the stay, and, after expiration of the 14 day stay, NDS, LLC once again sought to schedule a lien sale. NDS, LLC has been informed that such a sale will probably be scheduled for January. Thus Mr. Wong's bad faith filing has achieved for him a delay of another seven months.

2

Mr. Wong has taken consistently inconsistent positions regarding his ownership of the Property. In his 2019 case, he stated under oath that he resided on 8th Street on Oakland, and that he had a 10% ownership in the Property (see Petition and Schedule A from prior case attached hereto as Exhibit A). In his current petition, he takes the position that he owns 50% of the Property (see Petition and Schedule A from current case attached hereto as Exhibit B). In his Motion to Dismiss Claim he now claims he has one-seventh interest. At oral argument, he claimed that he had lived in the Property "for many years", completely inconsistent with his 2019 petition.

In fact, he is a joint tenant of the entire Property with Christine Wong, and has been since 1989. The Court had requested title documents, and the Grant Deed to Mr. Wong is attached hereto as Exhibit C. NDS, LLC has further obtained a litigation guarantee (essentially equivalent to a Trustee's Sale Guarantee) showing the same. A true and correct copy of the litigation guarantee is attached hereto as Exhibit D and incorporated herein by this reference.

The Debtor has further completely confused the docket in this case. He filed a Plan on June 23, 2022 (Docket 16). He filed another Plan, without designating it as an amended Plan on July 13, 2022 (Docket 26). He filed a third Plan again without designating it as an amended Plan on September 19, 2022 (Docket 74). The Court denied confirmation on September 27, but it is unclear which Plan was intended. NDS, LLC does not even know if it needs to file further objections or attend further hearings. A copy of the latest Plan is attached as Exhibit E. If anything it is worse than either of the others-his latest Plan claims NDS, LLC has a claim of zero (without evidence or support).

The Debtor has made false statements concerning the original creditor, and the original amount owing. Even were he correct, however, the judgment stands. He continues to make the same arguments concerning NDS, LLC's lien that have been unsuccessful in various motions before two courts.

Case: 22-40558   Doc# 86   Filed: 09/29/22   Entered: 09/29/22 14:57:13   Page 3 of 37

## ARGUMENT

The case was dismissed, and somehow the Debtor convinced the Court to vacate the dismissal. Apparently there is no Motion to Dismiss currently pending. It is unclear whether any of the Debtor's three Plans remain on calendar, but none of them are remotely confirmable. On either the motion of the Trustee, or the Court's own motion, a Chapter 13 case in which the Debtor has not proposed, and can not propose, a confirmable Plan must be dismissed. When the case is dismissed, it should be with a 180 day prohibition against refiling, or this Court will have another bad faith filing to contend with before the anticipated January sale date.

Neither motion even warrants additional argument on the merits. The Debtor admits that the Property is worth $543,441. Valuing it at zero can not be appropriate. "Dismissing" a claim that is grounded in a judgment is similarly inappropriate.

## CONCLUSION

Both motions should be denied with prejudice. NDS, LLC will leave it to the Court and the Trustee to determine how to resolve the continuing imposition on this Court's calendar caused by this bad faith case.

Dated:        9/29/2022            BEALL & BURKHARDT, APC

By: _William C. Beall_

William C. Beall, Attorneys for NDS, LLC

# DECLARATION OF MICHAEL D. SCHULMAN

I Michael D. Schulman, declare and state as follows:

1.  I am general counsel and custodian of records of NDS, LLC ("Movant"). Each of the matters set forth below are stated of my personal knowledge or based upon a review of the records of NDS, LLC. The records of NDS, LLC are made and kept in the ordinary course of business. Records concerning calculation of amounts owing and recordations of liens and renewals are records routinely kept by NDS, LLC in the course of its usual business practices. Such records are made at or near the time the events occur, and are made by a person or persons with actual knowledge of the pertinent facts. If called as a witness I could competently testify to each of the following facts.

2.  Movant is the assignee of a Judgment in favor of Unifund CCR Partners, LLC against Debtor Syva Wong. The Judgment was entered September 13, 2010, and recorded as a lien against real property owned by Debtor Syva Wong on September 30, 2010. Movant has filed a secured Proof of Claim in this case.

3.  The underlying account was a First USA credit card ending in account number 3031. First USA was bought by Bank One which was then bought by Chase. It is unclear which entity might have sent statements on the account, it could have been any or all of the three, but it was not American Express as stated by the Debtor. The account was opened on October 7, 1999. The last payment on the account posted to the account on February 10, 2006. The charge off balance was $19,322.56, not $1,280 as stated by the Debtor. The judgment was entered in 2010 in the amount of $31,752.21.

4.  After a wage garnishment was commenced in January 2017 and continued through January 2018, at which time the employer reported that employment terminated. The minimal proceeds received were credited.

5.  In December 2018, NDS, LLC then attempted to schedule a lien sale of the Debtor's property at 2541 Wakefield Avenue, Oakland (the "Property"). In January 2019, Mr. Wong filed a Motion in the Superior Court to vacate the Judgment and opposed the sale. That Motion was denied.

5

6. When the execution sale approached, the Debtor filed a Chapter 7 case, 19-40919 on April 19, 2019. The Trustee obtained a Default Judgment against him and his co-owner permitting sale of all interest in the Property. However, since NDS, LLC was the only creditor listed by the Debtor, and it was secured against the Property, the Trustee believed administering the Property for the benefit of a secured creditor was inappropriate, so the Trustee filed a No Asset Report, abandoning the Property.

7. The No Asset Report was not filed until August 11, 2021. The Debtor had achieved a two year and four month delay through the Chapter 7 filing.

8. Back before the Superior Court, NDS, LLC attempted to schedule another lien sale. Again the Debtor objected, again his objections were overruled. When that sale approached, the Debtor filed this case, on June 9, 2022, less than one year after his Chapter 7 case was closed.

9. The Court terminated the stay, and, after expiration of the 14 day stay, NDS, LLC once again sought to schedule a lien sale. NDS, LLC has been informed that such a sale will probably be scheduled for January. Thus Mr. Wong's bad faith filing has achieved for him a delay of another seven months.

10. Mr. Wong has taken consistently inconsistent positions regarding his ownership of the Property. In his 2019 case, he stated under oath that he resided on 8th Street on Oakland, and that he had a 10% ownership in the Property (see Petition and Schedule A from prior case attached hereto as Exhibit A). In his current petition, he takes the position that he owns 50% of the Property (see Petition and Schedule A from current case attached hereto as Exhibit B). In his Motion to Dismiss Claim he now claims he has one-seventh interest.

11.    On behalf of NDS, LLC, I have performed a title search, and the Grant Deed to Mr. Wong is attached hereto as Exhibit C.  NDS, LLC has further obtained a litigation guarantee (essentially equivalent to a Trustee's Sale Guarantee) showing the same.  A true and correct copy of the litigation guarantee is attached hereto as Exhibit D and incorporated herein by this reference.

I declare the foregoing is true under the laws of the State of California, executed at Tarzana, California

Dated: 9-29-2022

Michael D. Schulman

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 7 of 37

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Northern District of California

Case number (*if known*): _____

**FILED**

APR. 1 9 2019

**BANKRUPTCY COURT**
**OAKLAND, CALIFORNIA**

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy
12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | SYVA _____ First name  T. _____ Middle name  WONG _____ Last name  _____ Suffix (Sr., Jr., II, III) | _____ First name  _____ Middle name  _____ Last name  _____ Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. | _____ First name  _____ Middle name  _____ Last name  _____ First name  _____ Middle name  _____ Last name | _____ First name  _____ Middle name  _____ Last name  _____ First name  _____ Middle name  _____ Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – 6 4 9 7  OR  9 xx – xx – ___ ___ ___ | XXX – XX – ___ ___ ___ ___  OR  9 xx – xx – ___ ___ ___ |

Debtor 1    SYVA     T.     WONG
     First Name    Middle Name    Last Name

Case number (if known) _____

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

☑ I have not used any business names or EINs.

Business name _____

Business name _____

EIN ___ – ___ ___ ___ ___ ___ ___ ___

EIN ___ – ___ ___ ___ ___ ___ ___ ___

☑ I have not used any business names or EINs.

Business name _____

Business name _____

EIN ___ – ___ ___ ___ ___ ___ ___ ___

EIN ___ – ___ ___ ___ ___ ___ ___ ___

**5. Where you live**

77 - 8th Street, #199
Number    Street

_____

OAKLAND       CA    94607
City           State    ZIP Code

ALAMEDA
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City          State    ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number    Street

_____

_____
City          State    ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City          State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____

_____

Official Form 101      **Voluntary Petition for Individuals Filing for Bankruptcy**      page 2

Debtor 1    SYVA     T.     WONG        Case number *(if known)* _____
First Name      Middle Name      Last Name

### Part 2: Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No
☐ Yes.

| | District | | When | | Case number |
|---|---|---|---|---|---|
| | District _____ | | When _____ MM / DD / YYYY | | Case number _____ |
| | District _____ | | When _____ MM / DD / YYYY | | Case number _____ |
| | District _____ | | When _____ MM / DD / YYYY | | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
☐ Yes.

Debtor _____   Relationship to you _____
District _____   When _____ MM / DD / YYYY   Case number, if known _____

Debtor _____   Relationship to you _____
District _____   When _____ MM / DD / YYYY   Case number, if known _____

**11. Do you rent your residence?**

☑ No. Go to line 12.
☐ Yes. Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

     ☐ No. Go to line 12.
     ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1    SYVA    T.    WONG        Case number *(if known)*_____
      First Name    Middle Name    Last Name

**Part 3:**   **Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number    Street

_____

_____
City                State    ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

**Part 4:**   **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.   What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
                  Number      Street

_____
City               State    ZIP Code

Official Form 101       **Voluntary Petition for Individuals Filing for Bankruptcy**       page 4
Software Powered by EZBankruptcyForms.com 12/1/2015

Case: 19-40919    Doc# 1    Filed: 04/19/19    Entered: 04/19/19 14:13:43    Page 4 of 20

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 11 of 37

Debtor 1    SYVA      T.      WONG
     First Name    Middle Name    Last Name

Case number *(if known)*_____

---

### Part 5: Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.
Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.
Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☑ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.
To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

   ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.
Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.
Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.
To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

   ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    SYVA    T.    WONG
     First Name    Middle Name    Last Name

Case number (if known) _____

---

**Part 6:**   **Answer These Questions for Reporting Purposes**

**16.** **What kind of debts do you have?**

**16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

_____

---

**17.** **Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ No. I am not filing under Chapter 7. Go to line 18.

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☑ No
☐ Yes

---

**18.** **How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19.** **How much do you estimate your assets to be worth?**

☑ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20.** **How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Part 7:**   **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _Signature_                ✗ _____
Signature of Debtor 1                Signature of Debtor 2

Executed on   04/18/2019           Executed on _____
         MM / DD / YYYY                      MM / DD / YYYY

---

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | SYVA | T | WONG |
| | First Name | Middle Name | Last Name |

| | | | |
|---|---|---|---|
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Northern District of Califomia

Case number _____

☑ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

**1.1.** 2541 Wakefield Avenue
Street address, if available, or other description

OAKLAND     CA   94606
City     State    ZIP Code

ALAMEDA
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☑ Other  Estate of Parents since 1989

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:  Tax I.D. #:  022-0351-073-00

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?
$   543,441.00    $   54,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

FEE SIMPLE

☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

**1.2.** N/A
Street address, if available, or other description

_____

City     State    ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?
$ _____    $ _____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)

Fill in this information to identify your case:

United States Bankruptcy Court for the:

Northern District of California

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

2.59 pm ⁴

**F I L E D**

JUN 0 9 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

02/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Identify Yourself

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | SYVA<br>First name<br>T.<br>Middle name<br>WONG<br>Last name<br>_____<br>Suffix (Sr., Jr., II, III) | First name<br>Middle name<br>Last name<br>Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br>Middle name<br>Last name<br>First name<br>Middle name<br>Last name | First name<br>Middle name<br>Last name<br>First name<br>Middle name<br>Last name |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 6 4 9 7<br>OR<br>9 xx – xx – _____ | xxx – xx – _____<br>OR<br>9 xx – xx – _____ |

Debtor 1 **SYVA  T. WONG**
First Name    Middle Name    Last Name

Case number (if known)_____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years** <br><br> Include trade names and *doing business as* names | ☑ I have not used any business names or EINs. <br><br> _____ <br> Business name <br><br> _____ <br> Business name <br><br> EIN  _ _ – _ _ _ _ _ _ _ <br><br> EIN  _ _ – _ _ _ _ _ _ _ | ☐ I have not used any business names or EINs. <br><br> _____ <br> Business name <br><br> _____ <br> Business name <br><br> EIN  _ _ – _ _ _ _ _ _ _ <br><br> EIN  _ _ – _ _ _ _ _ _ _ |

**5. Where you live**

2541 Wakefield Avenue
Number        Street

_____

Oakland                     CA      94606
City                         State    ZIP Code

Alameda
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number        Street

32183
P.O. Box

Oakland                     CA      94604
City                         State    ZIP Code

If Debtor 2 lives at a different address:

_____
Number        Street

_____

_____
City                         State    ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number        Street

_____
P.O. Box

_____
City                         State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

Check one:

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____

| Debtor 1 | <u>SYVA  T.  WONG</u> | | Case number *(if known)* _____ |
|---|---|---|---|
| | First Name   Middle Name   Last Name | | |

 **Part 2:** **Tell the Court About Your Bankruptcy Case**

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☑ Yes.  District  <u>Northern District</u>  When _____ Case number _____
           MM / DD / YYYY

           District _____  When _____ Case number _____
           MM / DD / YYYY

           District _____  When _____ Case number _____
           MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.  Debtor _____  Relationship to you _____
           District _____  When _____ Case number, if known _____
           MM / DD / YYYY

           Debtor _____  Relationship to you _____
           District _____  When _____ Case number, if known _____
           MM / DD / YYYY

**11. Do you rent your residence?**

☑ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

           ☐ No. Go to line 12.

           ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1 ___SYVA__T._WONG_____   Case number (if known)_____
First Name    Middle Name    Last Name

**12. Are you a sole proprietor of any full- or part-time business?**

☑ No. Go to Part 4.

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number       Street

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

_____

_____
City                              State      ZIP Code

Check the appropriate box to describe your business:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes. What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
                       Number        Street

_____

_____
City                          State      ZIP Code

Case: 22-40558   Doc# 1   Filed: 06/09/22   Entered: 06/09/22 15:11:24   Page 4 of 41

Case: 22-40558   Doc# 86   Filed: 09/29/22   Entered: 09/29/22 14:57:13   Page 18 of 37

Debtor 1 __SYVA  T. WONG__
First Name    Middle Name        Last Name

Case number *(if known)*_____



**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

15. **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | SYVA  T. WONG | | | Case number (if known)_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**16.** What kind of debts do you have?

**16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

**17.** Are you filing under Chapter 7?

☑ No.  I am not filing under Chapter 7. Go to line 18.

☐ Yes.  I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ No
☐ Yes

**18.** How many creditors do you estimate that you owe?

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19.** How much do you estimate your assets to be worth?

☑ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$500 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20.** How much do you estimate your liabilities to be?

☑ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**Part 7:** Sign Below

For you

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Executed on  06/06/2022
MM / DD /YYYY

Executed on  _____
MM / DD /YYYY

Fill in this information to identify your case and this filing

Debtor 1    SYVA                    T.              WONG
            First Name              Middle Name     Last Name

Debtor 2
(Spouse, if filing)  First Name     Middle Name     Last Name

United States Bankruptcy Court for the: Northern District of California  [▼]

Case number _____

☐ Check if this is an
   amended filing

Official Form 106A/B

## Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

1.1. **2541 Wakefield Avenue**
     Street address, if available, or other description

     Oakland            CA      94606
     City               State   ZIP Code

     Alameda
     County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other Estate of Parents Since 1989

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 543,441.00 | $ 271,720.50 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Life Estate

☐ Check if this is community property
   (see instructions)

Other information you wish to add about this item, such as local property identification number: _____

If you own or have more than one, list here:

1.2. _____
     Street address, if available, or other description

     _____

     City               State   ZIP Code

     _____
     County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ | $ |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property
   (see instructions)

Other information you wish to add about this item, such as local property identification number: _____

Exhibit C - Page 22

Recorded at the request of

Northwestern Title Company

Return to

Christine Wong and Syva Wong

2541 Wakefield Avenue

Oakland, CA

Escrow No. _____ 714659-JB

83-107158

001

RECORDED at REQUEST OF
Northwestern Title Co.
At 8:30 A.M.

APR 20 1989

OFFICIAL RECORDS OF
ALAMEDA COUNTY, CALIFORNIA
RENE C. DAVIDSON
COUNTY RECORDER

TRANSFER
TAX PAID
ALAMEDA COUNTY

CITY
TAX
PAID

## GRANT DEED

The undersigned grantor (s) declare (s):
Documentary transfer tax is $101.20 _____ . CITY OF OAKLAND TRANSFER TAX:
(XX) computed on full value of property conveyed, or $874.00
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: (X) City of ____ Oakland _____ , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

CESARINA HUGHES, as surviving joint tenant

hereby GRANT(S) to CHRISTINE WONG, a single woman and SYVA WONG, a single man
as joint tenants

the following described real property in the    City of Oakland,
County of    Alameda                            , State of California:

FOR LEGAL DESCRIPTION SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART
HEREOF.

Commonly known as: 2541 Wakefield Avenue
Alameda County Account No: 22-351-73

Dated _____ April 5 _____ , 19 89

_Cesarina Hughes_
Cesarina Hughes

FOR NOTARY SEAL OR STAMP

OFFICIAL SEAL
JACINTA S. BENAVIDES
NOTARY PUBLIC-CALIFORNIA
COUNTY OF ALAMEDA
My Commission Expires April 8, 1990

MAIL TAX STATEMENTS TO

SAME AS ABOVE

STATE OF CALIFORNIA
COUNTY OF ____ Alameda ____ } ss.
On ____ April 12, 1989 _____ before me,
the undersigned, a Notary Public in and for said County and
State, personally appeared ____ CESARINA HUGHES ____

known to me (or proved to me on the basis of satisfactory
evidence) to be the person (s) whose name (s) is/are subs-
cribed to the within instrument, and acknowledged to me
that ____ she ____ executed the same.

Signature _Jacinta S. Benavides_

Name (Typed or Printed)

NORTHWESTERN TITLE COMPANY OF ALAMEDA COUNTY

Exhibit C - Page 23

714659           EXHIBIT "A"

**89107159**
P317

D E S C R I P T I O N

All that certain real property situated in the City of Oakland, County of Alameda, State of California described as follows:

BEGINNING at a point on the southwestern line of Wakefield Avenue, where the same is intersected by the dividing line between Lots Numbered 4 and 5, in Block 5, as said avenue, lots and block are shown on the map hereinafter referred to; and running thence southwesterly along said dividing line seventy-six and 35/100 feet to the northern boundary line of that certain piece or parcel of land heretofor conveyed by Ray A. Leavitt and wife to Frank L. Seward by Deed dated February 10, 1911, and recorded in Liber 1891 of Deeds, at Page 31; thence southeasterly along said boundary line of land so conveyed by Seward fifty feet, more or less, to a point on the dividing line between Lots Numbered 3 and 4, in said Block Numbered 5, distant thereon southwesterly Sixty Five and 90/100 feet from the point of intersection thereof with said line of Wakefield Avenue; thence northeasterly along said dividing line 65 Sixty-Five and 90/100 feet to said southwestern line of Wakefield Avenue; and thence northwesternly along said line of Wakefied Avenue fifty feet to the point of beginning.

BEING A portion of Lot Numbered 4, in Block Numbered 5, as said lot and block are delineated and so designated upon that certain map entitled "Map of Highland Park Terrace, Oakland, Brooklyn Tp., Alameda Co., Cal." filed July 14th, 1905, in the office of the County Recorder of Alameda County.

Commonly known as: 2541 Wakefield Avenue
Alameda County Account No. 22-351-73

-3-

## CLTA LITIGATION

Issued By:

 CHICAGO TITLE INSURANCE COMPANY

| Guarantee Number: |
| --- |
| **FWAC-TO18001997** |

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, AND THE GUARANTEE CONDITIONS ATTACHED HERETO AND MADE A PART OF THIS GUARANTEE,

### CHICAGO TITLE INSURANCE COMPANY
a corporation, herein called the Company

### GUARANTEES
the Assured named in Schedule A of this Guarantee

against loss or damage not exceeding the Amount of Liability stated in Schedule A sustained by the Assured by reason of any incorrectness in the Assurances set forth in Schedule A.

Chicago Title Insurance Company

By:

_____
President

Chicago Title Company
2150 John Glenn Drive, Suite 400
Concord, CA 94520

Attest:

_____
Secretary

Countersigned By:

_____
Authorized Officer or Agent

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 24 of 37

CHICAGO TITLE INSURANCE COMPANY                    GUARANTEE NO. FWAC-TO18001997

| | |
|---|---|
| ISSUING OFFICE | |

Title Officer: Kevin Davis
Chicago Title Company
2150 John Glenn Drive, Suite 400
Concord, CA 94520
Phone: (925)288-8000
Main Phone: (925)288-8000
Email: Kevin.Davis@titlegroup.fntg.com

## SCHEDULE A

| Amount of Liability | Premium | Title Officer |
|---|---|---|
| $84,000.00 | $1,100.00 | Kevin Davis |

Date of Guarantee:      September 25, 2018 at 07:30 AM

1.  Name of Assured:   Law Offices of Michael D. Schulman

2.  The estate or interest in the Land that is the subject of this Guarantee is:

    A Fee

3.  The Land referred to in this Guarantee is situated in the State of California, County of Alameda, and is described as follows:

    For APN/Parcel ID(s):  022-0351-073-00

    THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF OAKLAND, COUNTY OF ALAMEDA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

    Beginning at a point on the Southwestern line of Wakefield Avenue, where the same is intersected by the dividing line between Lots Numbered 4 and 5, in Block 5, as said avenue, lots and block are shown on the Map hereinafter referred to; and running thence Southwesterly along said dividing line seventy-six and 35/100 feet to the Northern boundary line of that certain piece or parcel of land heretofore conveyed by Ray A. Leavitt and wife to Frank L. Seward by Deed dated February 10, 1911, and Recorded in Liber 1891 of Deeds, at Page 31; thence Southeasterly along said boundary line of land so conveyd by Seward fifty feet, more or less, to a point on the dividing line between Lots Numbered 3 and 4, in said Block Numbered 5, distant thereon Southwesterly Sixty Five and 90/100 feet from the point of intersection thereof with said line of Wakefield Avenue; thence Northeasterly along said dividing line 65 Sixty-Five and 90/100 feet to said Southwestern line of Wakefield Avenue; and thence Northwesterly along said line of Wakefield Avenue fifty feet to the point of beginning.

    Being a portion of Lot Numbered 4, in Block Numbered 5, as said lot and block are delineated and so designated upon that certain Map entitled "Map of Highland Park Terrance, Oakland, Brooklyn Tp., Alameda Co., Cal." filed July 14th, 1905, in the Office of the County Recorder of Alameda County.

4.  This Litigation Guarantee is furnished solely for the purpose of facilitating the filing of an action to Take executions on Abstract of Judgment, Recorded September 30, 2010, Instrument No. 2010-284437, of Official Records . It shall not be used or relied upon for any other purpose.

5.  ASSURANCES:

    According to the Public Records as of the Date of Guarantee,

    a.  Title to the estate or interest is vested in:

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 25 of 37

## SCHEDULE A
### (continued)

Christine Wong, by Deed which describes her as a single woman and Syva Wong, by Deed which describes him as a single man, as joint tenants

b. Except for the matters shown in Schedule B, there are no defects, liens, encumbrances or other matters affecting title to the estate or interest in the land shown in Schedule A, which matters are not necessarily shown in the order of their priority.

c. The current interest holders claiming some right, title or interest by reason of the matters shown in Part II of Schedule B are as shown therein. The vestee named herein and parties claiming to have some right, title or interest by reason of the matters shown in Part II of Schedule B may be necessary parties defendant in an action, the nature of which is referred to above in paragraph 4.

d. The current interest holders claiming some right, title or interest by reason of the matters shown in Part I of Schedule B may also be necessary parties defendant in an action, the nature of which is referred to above in paragraph 4. However, no return address for mailing after recording is shown in Schedule C as to those current interest holders.

e. The return address for mailing after recording, if any, as shown on each document referred to in Part II of Schedule B by specific recording information, and as shown on the document(s) vesting title as shown above in paragraph 5(a), are as shown in Schedule C.

**END OF SCHEDULE A**

CHICAGO TITLE INSURANCE COMPANY  GUARANTEE NO. FWAC-TO18001997

## SCHEDULE B

## PART I

1.  Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

    | | |
    |---|---|
    | Code Area: | 17-045 |
    | Tax Identification No.: | 022-0351-073-00 |
    | Fiscal Year: | 2018-2019 |
    | 1st Installment: | $1,642.75 Open |
    | 2nd Installment: | $1,642.75 Open |
    | Land: | $45,518.00 |
    | Improvements: | $106,210.00 |
    | Bill No.: | 04961800 |

2.  The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A or as a result of changes in ownership or new construction occurring prior to Date of Policy.

3.  An abstract of judgment for the amount shown below and any other amounts due:

    | | |
    |---|---|
    | Amount: | $31,752.21 |
    | Debtor: | Syva T. Wong |
    | Creditor: | Unifund CCR Partners a New York Partnership |
    | Date entered: | September 13, 2010 |
    | County: | Alameda |
    | Court: | Superior |
    | Case No.: | RG09482386 |
    | Recording Date: | September 30, 2010 |
    | Recording No.: | 2010284437, of Official Records |

    An abstract of judgment for the amount shown below and any other amounts due:

    | | |
    |---|---|
    | Amount: | $31,752.21 |
    | Debtor: | Syva T. Wong |
    | Creditor: | NDS, LLC, Assignee of Record |
    | Date entered: | September 13, 2010 |
    | County: | Alameda |
    | Court: | Superior |
    | Case No.: | RG09482386 |
    | Recording Date: | September 27, 2017 |
    | Recording No.: | 2017213661, of Official Records |

    Said judgment lien has been extended:

    | | |
    |---|---|
    | Filed Date: | September 13, 2010 |
    | Recording Date: | February 6, 2018 |
    | Recording No.: | 2018028918, of Official Records |

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 27 of 37

CHICAGO TITLE INSURANCE COMPANY                    GUARANTEE NO. FWAC-TO18001997

## SCHEDULE B
(continued)

4.  A lien for unsecured property taxes filed by the tax collector of the county shown, for the amount set forth, and any other amounts due.

    County:            Alameda
    Fiscal Year:       2008-2009
    Taxpayer:          Wong Syva
    County ID No.:     00-250841-00-000-08-00-00
    Amount:            $178.97
    Recording Date:    February 2, 2009
    Recording No.:     2009038753, of Official Records

5.  A lien for unsecured property taxes filed by the tax collector of the county shown, for the amount set forth, and any other amounts due.

    County:            Alameda
    Fiscal Year:       2009-2010
    Taxpayer:          Wong Syva
    County ID No.:     00-250841-00-000-09-00-00
    Amount:            $209.51
    Recording Date:    February 1, 2010
    Recording No.:     2010030539, Official Records

6.  A lien for unsecured property taxes filed by the tax collector of the county shown, for the amount set forth, and any other amounts due.

    County:            Alameda
    Fiscal Year:       2010-2011
    Taxpayer:          Wong Syva
    County ID No.:     00-250841-00-000-10-00-00
    Amount:            $266.25
    Recording Date:    February 1, 2011
    Recording No.:     2011046051, of Official Records

**END OF SCHEDULE B - PART I**

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 28 of 37

 

CHICAGO TITLE INSURANCE COMPANY                    GUARANTEE NO. FWAC-TO18001997

## SCHEDULE B

## PART II

NONE

### END OF SCHEDULE B - PART II

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 29 of 37

CHICAGO TITLE INSURANCE COMPANY  GUARANTEE NO. FWAC-TO18001997

## SCHEDULE C

### ADDRESSES

The Following Address for the Vestees herein appear of record documents with Alameda County Tax Roll

Christina Wong
2541 Wakefield Ave
Oakland, CA 94606-3551

Syva Wong 2541
2541 Wakefield Ave
Oakland, CA 94606-3551

Syva Wong
754 Regents Court
San Pablo, CA 94806-1897

Syva Wong
2764 East 14th St
Oakland, CA 94601-1519

The following address appear of record for the County of Alameda

Alameda County Tax Collector
Unsecured Tax Division
1221 Oak St.
Oakland, CA 94612

## END OF SCHEDULE C

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 30 of 37

## CHICAGO TITLE INSURANCE COMPANY

GUARANTEE NO. FWAC-TO18001997

## EXCLUSIONS FROM COVERAGE

Except as expressly provided by the assurances in Schedule A, the Company assumes no liability for loss or damage by reason of the following:

(a) Defects, liens, encumbrances, adverse claims or other matters affecting the title to any property beyond the lines of the Land.

(b) Defects, liens, encumbrances, adverse claims or other matters, whether or not shown by the Public Records (1) that are created, suffered, assumed or agreed to by one or more of the Assureds; or (2) that result in no loss to the Assured.

(c) Defects, liens, encumbrances, adverse claims or other matters not shown by the Public Records.

(d) The identity of any party shown or referred to in any of the schedules of this Guarantee.

(e) The validity, legal effect or priority of any matter shown or referred to in any of the schedules of this Guarantee.

(f) (1) Taxes or assessments of any taxing authority that levies taxes or assessments on real property; or (2) proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not the matters excluded under (1) or (2) are shown by the records of the taxing authority or by the Public Records.

(g) (1) Unpatented mining claims; (2) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (3) water rights, claims or title to water, whether or not the matters excluded under (1), (2) or (3) are shown by the Public Records.

## GUARANTEE CONDITIONS

1. **DEFINITION OF TERMS**

   The following terms when used in the Guarantee mean:

   (a) the "Assured": the party or parties named as the Assured in Schedule A, or on a supplemental writing executed by the Company.

   (b) "Land": the Land described or referred to in Schedule A, and improvements affixed thereto which by law constitute real property. The term "Land" does not include any property beyond the lines of the area described or referred to in Schedule A, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways.

   (c) "Mortgage": mortgage, deed of trust, trust deed, or other security instrument.

   (d) "Public Records": those records established under California statutes at Date of Guarantee for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge.

   (e) "Date of Guarantee": the Date of Guarantee set forth in Schedule A.

   (f) "Amount of Liability": the Amount of Liability as stated in Schedule A.

2. **NOTICE OF CLAIM TO BE GIVEN BY ASSURED**

   The Assured shall notify the Company promptly in writing in case knowledge shall come to the Assured of any assertion of facts, or claim of title or interest that is contrary to the assurances set forth in Schedule A and that might cause loss or damage for which the Company may be liable under this Guarantee. If prompt notice shall not be given to the Company, then all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of the Assured under this Guarantee unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

3. **NO DUTY TO DEFEND OR PROSECUTE**

   The Company shall have no duty to defend or prosecute any action or proceeding to which the Assured is a party, notwithstanding the nature of any allegation in such action or proceeding.

4. **COMPANY'S OPTION TO DEFEND OR PROSECUTE ACTIONS; DUTY OF ASSURED TO COOPERATE**

   Even though the Company has no duty to defend or prosecute as set forth in Paragraph 3 above:

   (a) The Company shall have the right, at its sole option and cost, to institute and prosecute any action or proceeding, interpose a defense, as limited in Paragraph 4 (b), or to do any other act which in its opinion may be necessary or desirable to establish the correctness of the assurances set forth in Schedule A or to prevent or reduce loss or damage to the Assured. The Company may take any appropriate action under the terms of this Guarantee, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this Guarantee. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

   (b) If the Company elects to exercise its options as stated in Paragraph 4 (a) the Company shall have the right to select counsel of its choice (subject to the right of the Assured to object for reasonable cause) to represent the Assured and shall not be liable for and will not pay the fees of any other counsel, nor will the Company pay any fees, costs or expenses incurred by an Assured in the defense of those causes of action which allege matters not covered by this Guarantee.

   (c) Whenever the Company shall have brought an action or interposed a defense as permitted by the provisions of this Guarantee, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from an adverse judgment or order.

   (d) In all cases where this Guarantee permits the Company to prosecute or provide for the defense of any action or proceeding, the Assured shall secure to the Company the right to so prosecute or provide for the defense of any action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the Assured for this purpose. Whenever requested by the Company, the Assured, at the Company's expense, shall give the Company all reasonable aid in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or lawful act which in the opinion of the Company may be necessary or desirable to establish the correctness of the assurances set forth in Schedule A or to prevent or reduce loss or damage to the Assured. If the Company is prejudiced by the failure of the Assured to furnish the required cooperation, the Company's obligations to the Assured under the Guarantee shall terminate.

Case: 22-40558   Doc# 86   Filed: 09/29/22   Entered: 09/29/22 14:57:13   Page 31 of 37



(continued)

5. **PROOF OF LOSS OR DAMAGE**

  (a)  In the event the Company is unable to determine the amount of loss or damage, the Company may, at its option, require as a condition of payment that the Assured furnish a signed proof of loss. The proof of loss must describe the defect, lien, encumbrance, or other matter that constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage.

  (b)  In addition, the Assured may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Guarantee, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the Assured shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the Assured provided to the Company pursuant to this paragraph shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the Assured to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in the above paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this Guarantee to the Assured for that claim.

6. **OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS: TERMINATION OF LIABILITY**

In case of a claim under this Guarantee, the Company shall have the following additional options:

  (a)  To pay or tender payment of the Amount of Liability together with any costs, attorneys' fees, and expenses incurred by the Assured that were authorized by the Company up to the time of payment or tender of payment and that the Company is obligated to pay.

  (b)  To pay or otherwise settle with the Assured any claim assured against under this Guarantee. In addition, the Company will pay any costs, attorneys' fees, and expenses incurred by the Assured that were authorized by the Company up to the time of payment or tender of payment and that the Company is obligated to pay; or

  (c)  To pay or otherwise settle with other parties for the loss or damage provided for under this Guarantee, together with any costs, attorneys' fees, and expenses incurred by the Assured that were authorized by the Company up to the time of payment and that the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in 6 (a), (b) or (c) of this paragraph the Company's obligations to the Assured under this Guarantee for the claimed loss or damage, other than the payments required to be made, shall terminate, including any duty to continue any and all litigation initiated by the Company pursuant to Paragraph 4.

7. **LIMITATION OF LIABILITY**

  (a)  This Guarantee is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Assured claimant who has suffered loss or damage by reason of reliance upon the assurances set forth in Schedule A and only to the extent herein described, and subject to the Exclusions From Coverage of this Guarantee.

  (b)  If the Company, or the Assured under the direction of the Company at the Company's expense, removes the alleged defect, lien, or encumbrance or cures any other matter assured against by this Guarantee in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

  (c)  In the event of any litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom.

  (d)  The Company shall not be liable for loss or damage to the Assured for liability voluntarily assumed by the Assured in settling any claim or suit without the prior written consent of the Company.

8. **REDUCTION OF LIABILITY OR TERMINATION OF LIABILITY**

All payments under this Guarantee, except payments made for costs, attorneys' fees and expenses pursuant to Paragraph 4 shall reduce the Amount of Liability under this Guarantee pro tanto.

9. **PAYMENT OF LOSS**

  (a)  No payment shall be made without producing this Guarantee for endorsement of the payment unless the Guarantee has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

  (b)  When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions, the loss or damage shall be payable within thirty (30) days thereafter.

10. **SUBROGATION UPON PAYMENT OR SETTLEMENT**

Whenever the Company shall have settled and paid a claim under this Guarantee, all right of subrogation shall vest in the Company unaffected by any act of the Assured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the Assured would have had against any person or property in respect to the claim had this Guarantee not been issued. If requested by the Company, the Assured shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The Assured shall permit the Company to sue, compromise or settle in the name of the Assured and to use the name of the Assured in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the Assured the Company shall be subrogated to all rights and remedies of the Assured after the Assured shall have recovered its principal, interest, and costs of collection.

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 32 of 37

**CHICAGO TITLE INSURANCE COMPANY**      GUARANTEE NO. FWAC-TO18001997

(continued)

**11. ARBITRATION**

Either the Company or the Assured may demand that the claim or controversy shall be submitted to arbitration pursuant to the Title Insurance Arbitration Rules of the American Land Title Association ("Rules"). Except as provided in the Rules, there shall be no joinder or consolidation with claims or controversies of other persons. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Assured arising out of or relating to this Guarantee, any service of the Company in connection with its issuance or the breach of a Guarantee provision, or to any other controversy or claim arising out of the transaction giving rise to this Guarantee. All arbitrable matters when the amount of liability is Two Million And No/100 Dollars ($2,000,000) or less shall be arbitrated at the option of either the Company or the Assured. All arbitrable matters when the amount of liability is in excess of Two Million And No/100 Dollars ($2,000,000) shall be arbitrated only when agreed to by both the Company and the Assured. Arbitration pursuant to this Guarantee and under the Rules shall be binding upon the parties. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court of competent jurisdiction.

**12. LIABILITY LIMITED TO THIS GUARANTEE; GUARANTEE ENTIRE CONTRACT**

(a) This Guarantee together with all endorsements, if any, attached hereto by the Company is the entire Guarantee and contract between the Assured and the Company. In interpreting any provision of this Guarantee, this Guarantee shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, or any action asserting such claim, shall be restricted to this Guarantee.

(c) No amendment of or endorsement to this Guarantee can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

**13. SEVERABILITY**

In the event any provision of this Guarantee, in whole or in part, is held invalid or unenforceable under applicable law, the Guarantee shall be deemed not to include that provision or such part held to be invalid, but all other provisions shall remain in full force and effect.

**14. CHOICE OF LAW; FORUM**

(a) Choice of Law: The Assured acknowledges the Company has underwritten the risks covered by this Guarantee and determined the premium charged therefor in reliance upon the law affecting interests in real property and applicable to the interpretation, rights, remedies, or enforcement of Guarantees of the jurisdiction where the Land is located.

Therefore, the court or an arbitrator shall apply the law of the jurisdiction where the Land is located to determine the validity of claims that are adverse to the Assured and to interpret and enforce the terms of this Guarantee. In neither case shall the court or arbitrator apply its conflicts of law principles to determine the applicable law.

(b) Choice of Forum: Any litigation or other proceeding brought by the Assured against the Company must be filed only in a state or federal court within the United States of America or its territories having appropriate jurisdiction.

**15. NOTICES, WHERE SENT**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this Guarantee and shall be addressed to the Company at:

Chicago Title Insurance Company
P.O. Box 45023
Jacksonville, FL 32232-5023
Attn: Claims Department

## END OF CONDITIONS

Case: 22-40558    Doc# 86    Filed: 09/29/22    Entered: 09/29/22 14:57:13    Page 33 of 37



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

Order: CW18-25
Doc: CAALAM:MASS 22-00351

Page 3 of 3

Requested By: chuckwhite@cotton, Printed: 9/24/2018 1:59 PM

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Name of Debtor:                                    Case No.
SYVA T. WONG                                       22-40558 CN 13



FILED

SEP 19 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

## CHAPTER 13 PLAN

YOU WILL BE NOTIFIED OF THE DATE, TIME, AND LOCATION OF A HEARING TO CONFIRM THIS PLAN AND OF THE DEADLINE TO OBJECT TO ITS CONFIRMATION. IN THE ABSENCE OF A TIMELY WRITTEN OBJECTION, THIS PLAN MAY BE CONFIRMED. IT WILL BE EFFECTIVE UPON ITS CONFIRMATION.

### Section 1. Plan Payments and Plan Duration

1.01    Plan payments. To complete this plan, Debtor shall:

    a.  Pay to Trustee $114.00 per month for 36 months from the following sources: (Earned Income and In-Home Care Income for Mother's Support):  Debtor shall after 0 months, increase the monthly payment to $0.00 for 0 months.

    b.  In addition to the foregoing monthly payments, pay to Trustee $40.00 from the following sources on the dates indicated:
        Date (s): Once a month, on or about the 20th of each month.
        Source(s):

    c.  The monthly plan payments will continue for 36 months unless all allowed unsecured claims are fully paid within a shorter period of time. This plan cannot propose monthly payments beyond 60 months.

### Section 2. Claims and Expenses

2.01. With the exception of any post-petition direct payments to be made by Debtor, the payments required by Sections 2.04, 2.05, 2.07, 2.08, 2.10 and 3.01 will not be made pursuant to this plan unless a timely proof of claim is filed by or on behalf of a creditor, including a secured creditor.

2.02. The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's order on a claim objection, valuation motion, lien avoidance motion, or adversary proceeding judgment affects the amount or classification of a claim.

2.03. Trustee's fees shall be paid pursuant to 28 U.S.C. §585(e). Compensation due a former chapter 7 trustee shall be paid pursuant to 11 U.S.C. §1326(b)(3)(B). Debtor's attorney of record was paid $ before the Chapter 13 case was filed. By separate order or in accordance with applicable Guidelines, after confirmation, debtor's attorney shall be paid additional fees of $ 0.00 through this plan at the rate of $ 0.00 per month until paid in full.

#### Secured Claims

2.04. Class 1: All delinquent secured claims that are not modified by this plan. Class 1 claims are delinquent and other than the curing of any arrears, are not modified by this plan. Debtor or a third party ( ) shall directly make all post-petition payments on Class 1 claims.

    a.  Cure of arrears. Trustee shall pay in full all allowed pre-petition arrears on debtors claim.

    b.  Application of payments. The arrearage payment may include interest. If the provision for interest is left blank, interest will not accrue. The arrearage payment must be applied to the arrears. If this plan provides for interest on arrears, the arrearage payment shall be applied first to such interest, then to arrears.

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)

| | Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears (0 unless otherwise stated) | Fixed Arrearage Payment | Payment Start Date (Start date will be a specific month during the plan) |
|---|---|---|---|---|---|
| 1. | Uni-fund CCR Partners, New York | 0.00 | 0.00 | 0.00 | None Applicable |
| 2. | | | | | |
| 3. | | | | | |

2.05.    **Class 2: All secured claims that are modified by this plan.**

   a.    **Payment of claim.** Trustee shall satisfy each Class 2 claim by paying the amount specified below as the monthly payment. Subject to Section 2.05(c), Class 2 claims will be paid in full. The payment of a Class 2 claim shall not include interest unless otherwise specified. If Debtor does not intend to satisfy a Class 2 claim by periodic payments, Debtor shall check this box [ ] and provide for this claim in Additional Provisions.

   b.    **Adequate protection payments.** Before confirmation, Trustee shall pay each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by 11 U.S.C. §1326(a)(1)(C). As required by 11 U.S.C. §1325(a)(5)(B)(iii), equal monthly payments must be no less than the adequate protection payment.

   c.    **Claim amount.** The amount of a Class 2 claim is determined by applicable non bankruptcy law. If applicable bankruptcy law authorizes a debtor to reduce a secured claim, Debtor may reduce the claim to the value of the collateral securing it by filing, serving, and prevailing on a motion or adversary proceeding to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of collateral, Debtor shall file this motion or adversary proceeding and have it decided before plan confirmation.

   d.    **Lien retention.** Each Class 2 creditor shall retain its existing lien as permitted under applicable bankruptcy law.

| Class 2 Creditor's Name/Collateral Description (No Reduction in Collateral Value) | Purchase Money Interest - Personal Property? Y/N | Estimated Amount of Claim | Interest Rate (0 unless otherwise stated) | Monthly Payment |
|---|---|---|---|---|
| 1. N/A | | | | |
| 2. N/A | | | | |

| Class 2 Creditor's Name/Collateral Description (Reduction in Collateral Value) | Reduced Value of Collateral | Interest Rate (0 unless otherwise stated) | Monthly Payment |
|---|---|---|---|
| 1.   N/A | | | |
| 2.   N/A | | | |

2.06.    **Class 3: All secured claims for which the collateral is being surrendered.** Upon confirmation of this plan, the automatic stay is modified to allow a Class 3 secured claim holder to exercise its rights against its collateral.

| | Class 3 Creditor's Name | Collateral to be Surrendered |
|---|---|---|
| 1. | N/A | -0- |
| 2. | N/A | -0- |

N.D. CaL Model Chapter 13 Plan (August 1, 2013)

2.07.  **Class 4: All other non-delinquent secured claims.** Class 4 claims are not delinquent and are not modified by this plan. Debtor or a third party (          ) shall directly make all post-petition payments on Class 4 claims.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment |
|---|---|
| 1.   N/A | -0- |
| 2.   N/A | -0- |
| 3.   N/A | -0- |

2.08. The monthly payment listed below represents the projected payment under the Application, and may not be the payment when the Application is approved or denied. Notwithstanding Section 2.04, and except as otherwise provided in this plan, Trustee will not pay any pre-petition arrears claimed by Creditor while the Application is proposed or pending.

    a.  If Creditor approves the Application, the monthly payment Debtor shall directly make will be the amount approved by Creditor.

    b.  If the approved Application changes the amount of arrears that otherwise would be paid under Section 2.04, alters any plan payment to be made to Trustee, or adversely affects the amount to be paid to claimants in Section 2.12, Debtor shall file an amended plan reflecting such changes within 14 days of receipt of written notification of approval of the Application.

    c.  If Creditor denies the Application, Debtor shall, within 14 days of receipt of written notification of denial of the Application, file an amended plan providing for appropriate treatment of pre-petition and post-petition arrears or surrender of the property.

    d.  If Debtor fails timely to file an amended plan, Debtor shall be deemed to be in material default under this plan and the remedies described in Section 4.02 shall be available to Trustee or Creditor.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Monthly Modification Installment |
|---|---|---|
| 1. NONE-APPLICABLE | -0- | -0- |
| 2. NONE-APPLICABLE | -0- | -0- |
| 3. NONE-APPLICABLE | -0- | -0- |

**2.09.** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan, and Trustee shall not make any disbursements on such claims. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay as to that claim holder.

**Unsecured Claims**

2.10. **Class 5: Unsecured claims entitled to priority pursuant to 11 U.S.C. §507.** Trustee shall pay in full Class 5 claims, whether or not listed below, unless a claim holder agrees to accept less or 11 U.S.C. §1322(a)(4) is applicable. If 11 U.S.C. §1322(a)(4) applies, the claim holder and the treatment of the claim shall be specified in the Additional Provisions. Notwithstanding any other provision in this plan, Debtor shall directly pay all domestic support obligations and all loan payments to a retirement or thrift savings plan that are due and payable post-petition, regardless of whether this plan is confirmed or a proof of claim is filed.

| Class 5 Creditor's Name | Type of Priority | Estimated Claim Amount |
|---|---|---|
| 1. N/A | N/A | 0.00 |
| 2. N/A | N/A | 0.00 |
| 3. N/A | N/A | 0.00 |

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)